UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LESLIE CHRISTENSEN, individually, GARY CHRISTENSEN AND KIM CHRISTENSEN, father and mother, individually,<br><br>        Plaintiffs,<br><br>    v.<br><br>ROYAL SCHOOL DISTRICT NO., a political subdivision; STEVEN G. DIAZ, individually; and PRESTON "KENT" ANDERSEN, individually, and the marital community composed thereof<br><br>        Defendants. | No. CV-02-185-FVS<br><br>ORDER |

**BEFORE THE COURT** is Defendants' Motion for Partial Summary Judgment (Ct. Rec. 140) and Plaintiffs' Motion to Strike and Request for Attorney Fees (Ct. Rec. 159). The Court heard oral argument on these matters on March 31, 2006. Plaintiff Leslie Christensen was represented by Robert Crotty and Matthew Zuchetto. Plaintiffs Gary and Kim Christensen were represented by Eugene Annis. Defendants were represented by Jerry Moberg. After hearing argument, reviewing the submitted materials, and considering the cited authority, the Court is fully informed.

I.      **BACKGROUND**

On November 19, 2002, the Court entered a scheduling order setting a dispositive motion deadline of August 4, 2003, and a trial date of November 10, 2003. On September 5, 2003, the Court denied Defendants' motion for summary judgment on Plaintiff's Title IX and 42 U.S.C. § 1983 claims. After the expiration of the discovery

ORDER - 1

and dispositive motion deadlines, the Court stayed this case pending the resolution of an issue of state law that had been certified by this Court to the Washington Supreme Court.  After the Washington Supreme Court resolved the issue, the Court held a status conference to set this matter for trial.

During that status conference, defense counsel said they wanted to file an additional motion for summary judgment to argue for qualified immunity for Principal Andersen.  The Court expressed surprise that the issue had not been resolved before the expiration of the dispositive motion deadline and counsel for Plaintiffs strongly opposed any motion for summary judgment at this late stage.  However, the Court, recognizing that issues of qualified immunity necessarily need to be resolved prior to trial, permitted defense counsel one week to file a motion for summary judgment on qualified immunity.

## II.    DISCUSSION

Plaintiff Leslie Christensen asserts a claim against Defendants under 42 U.S.C. § 1983 for violation of her substantive due process rights under the Fourteenth Amendment.  Specifically, she asserts liability against Principal Andersen based on his supervisory authority over Mr. Diaz.  The Court previously denied Defendants' motion for summary judgment dismissal of Plaintiff's § 1983 claims, finding that genuine issues of material fact exist with respect to Defendants' liability. (Ct. Rec. 75; Order Denying Motion for Summary Judgment ("Order")).  Now Defendants move for summary judgment on the ground that qualified immunity shields Principal Andersen from liability for Mr. Diaz' conduct.

Resolving a request for qualified immunity involves two inquiries.  *Saucier v. Katz*, 533 U.S. 194, 201, 121 S.Ct. 2151, 2156, 150 L.Ed.2d 272 (2001).  First, the Court determines whether the facts, viewed in the light most favorable to the plaintiff, demonstrate that the defendant's conduct violated a constitutional right.  *Id* at 201, 121

ORDER - 2

S.Ct. at 2156. If a jury could reasonable find that Principal Andersen violated Plaintiff's constitutional right, the Court must then determine "whether the right was clearly established" at the time of the incident. *Id.*

The Fourteenth Amendment encompasses a right to bodily integrity, which includes the "right to be free from sexual abuse by school employees." *Plumeau v. Sch. Dist. #40*, 130 F.3d 432, 438 (9th Cir. 1997); Order, 5:10-12. Neither party disputes that this right was "clearly established" at the time the alleged sexual harassment at issue in this case took place. *See Doe v. Petaluma City Sch. Dist.*, 54 F.3d 1447, 1451 (9th Cir. 1995) (noting the Fifth Circuit concluded that as of 1987, a school principal and superintendent had a duty to prevent teacher-to-minor student sexual molestation."). Thus, the only issue with respect to qualified immunity is whether a Principal Andersen violated Plaintiff's constitutional right to bodily integrity.

A student can hold a supervisory school official liable under § 1983 for a subordinate employee's violation of the student's substantive due process right to bodily integrity against sexual abuse where she establishes:

> (1) the defendant learned of facts or a pattern of inappropriate sexual behavior by a subordinate pointing plainly toward the conclusion that the subordinate was sexually abusing the student; and (2) the defendant demonstrated deliberate indifference toward the constitutional rights of the student by failing to take action that was obviously necessary to prevent or stop the abuse; and (3) such failure caused a constitutional injury to the student.

*Doe v. Taylor Independent Sch. Dist.*, 15 F.3d 443, 454 (5th Cir. 1994). In denying Defendants' first motion for summary judgment, the Court applied this very same test and determined that questions of material fact exist with respect to first and second factors. More specifically, the Court determined that questions of material fact exist regarding Principal Andersen's actual knowledge and whether his alleged response constituted deliberate indifference to Plaintiff's right to bodily integrity. On this basis, the Court denied Defendants' motion for summary judgment dismissal of the claims

ORDER - 3

against Principal Andersen.

Defendants did not move for reconsideration of that Order.  However, this is precisely the request now made in Defendants' motion for summary judgment. Although their motion is captioned as a motion for summary judgment, Defendants' motion asks the Court to conduct a second analysis of this case under the *Taylor* factors.  However, Defendants acknowledge a motion for reconsideration would be untimely because they do not cite to any change in law, new evidence, or error in law made by the Court.  Accordingly, the Court determines it will construe Defendants motion for summary judgment as a motion for reconsideration and deny the motion as untimely.  Accordingly,

**IT IS HEREBY ORDERED**:

1.  Defendants' Motion for Summary Judgment (**Ct. Rec. 140**) is **DENIED.**

2.  Plaintiffs' Motion to Strike (**Ct. Rec. 159)** is **GRANTED IN PART AND DENIED IN PART.**  To the extent Defendants' motion seeks summary judgment on issues other than qualified immunity, it is stricken.  Plaintiffs' request for attorney fees and costs is denied.

**IT IS SO ORDERED.**  The District Court Executive is hereby directed to enter this Order and furnish copies to counsel.

**DATED** this <u>14th</u> day of April, 2006.


s/ Fred Van Sickle
_____

Fred Van Sickle<br>United States District Judge

ORDER - 4