UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LESLIE CHRISTENSEN, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>ROYAL SCHOOL DISTRICT NO. 160, et al.,<br><br>　　　　Defendants. | No. CV-02-185-FVS<br><br>ORDER GRANTING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT |

**BEFORE THE COURT** is Plaintiffs' Motion for Partial Summary Judgment Against Royal School District and Preston Kent Andersen (Ct. Rec. 47). Plaintiffs Gary and Kim Christensen are represented by Eugene Annis and Tami Wilcox. Plaintiff Leslie Christensen is represented by Robert Crotty and Matt Zuchetto. Defendant Royal School District is represented by Brian Christensen, Jennifer Homer, and Jerry Moberg. Defendant Steven Diaz is represented by David Soderland. Defendant Preston Kent Andersen ("Principal Andersen") is represented by Brian Christensen, Jennifer Homer, Michael McFarland, and Heather Yakely.

**BACKGROUND**

Plaintiff Leslie Christensen asserts claims against Defendants Royal School District and Principal Andersen for violations of Title IX, 20 U.S.C. § 1681, et seq., and 42 U.S.C. § 1983. Under Washington

ORDER GRANTING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT - 1

state law, Plaintiff asserts claims against Royal School District and Principal Andersen for (1) retaliation and creating a sexually hostile educational environment in violation of Washington's Law Against Discrimination ("WLAD"), RCW 49.60; (2) negligent hiring and supervision of Mr. Diaz; (3) negligence in failing to protect Plaintiff from sexual abuse by Mr. Diaz; and (4) intentional and negligent infliction of emotional distress.  Plaintiffs Gary and Kim Christensen assert a loss of consortium claim against Defendants Royal School District and Principal Andersen.

Plaintiffs move for partial summary judgment prohibiting Defendants Royal School District and Principal Andersen from allocating liability to Defendant Steven Diaz, the alleged intentional tortfeasor, or to Plaintiff Leslie Christensen.  Plaintiffs' motion for partial summary judgment was filed on July 31, 2003.  On September 29, 2003, the Court granted Defendants' motion to certify and stayed this action pending certification to the Washington Supreme Court of the issue of whether the Plaintiff Leslie Christensen could be attributed comparative fault with respect to the negligence actions against Defendants Royal School District and Principal Andersen.  The Court's Order staying this action also vacated the existing scheduling order and struck the hearing on Plaintiffs' pending motion for partial summary judgment.  (Ct. Rec. 81).  On January 6, 2006, the Court received a certificate of finality from the Washington Supreme Court. The Washington Supreme Court held that "contributory fault may not be assessed against a 13-year-old child when that child brings a civil action against a school district and school principal for sexual abuse

ORDER GRANTING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT - 2

by her teacher." *Christensen v. Royal Sch. Dist. No. 160*, 156 Wash.2d 62, 72-73, 124 P.3d 283, 288 (2005). Thereafter, the Court lifted the stay in this action, and on February 1, 2006, the Court held a telephonic scheduling conference for purposes of setting this action back on the Court's trial calendar. Plaintiffs' partial motion for summary judgment, however, was never re-noted for hearing after the Court lifted the stay. Thus, the Court was unaware the motion remained pending until Plaintiffs' counsel brought the issue to the Court's attention in a telephonic status conference held on July 21, 2006.

With respect to Leslie Christensen, Plaintiffs' motion for partial summary judgment was resolved by the Supreme Court's ruling. The remaining issue before the Court is Plaintiffs' request for an order prohibiting Royal School District and Principal Andersen from allocating fault or liability for their negligence to the intentional tortfeasor, Steven Diaz. Relying on *Tegman v. Accident & Medical Investigations, Inc.*, 150 Wash.2d 102, 75 P.3d 497(2003), Defendants contend the Court must instruct the jury to apportion liability between Royal School District and Steven Diaz by segregating any damages due to the intentional conduct of Steven Diaz from the damages due to the negligence of Royal School District and Principal Andersen. The Court allowed both parties to submit supplemental briefing addressing *Tegman*. At that time, Steven Diaz was a party to this action. Plaintiffs, however, recently advised the Court that they entered into a settlement with Steven Diaz and he will not be a party to this lawsuit at the time of trial.

ORDER GRANTING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT - 3

In *Tegman*, the trial court awarded the plaintiff damages against multiple defendants, including damages caused both by the intentional tortfeasor and the negligent tortfeasors. The Washington Supreme Court remanded, holding that under Washington's Tort Reform Act, RCW 4.22.070, "the damages resulting from negligence must be segregated from those resulting from intentional acts, and the negligent defendants are jointly and severally liable only for the damages resulting from their negligence. They are not jointly and severally liable for damages caused by intentional acts of others." *Tegman*, 150 Wash.2d at 105, 75 P.3d at 497.

*Tegman* involved a case where both intentional tortfeasors and negligent tortfeasors were named defendants in the action. Here, however, the intentional tortfeasor will not be a party to the lawsuit at the time of trial. In this case the jury will only be required to address Plaintiffs' claims against Defendants Royal School District and Principal Andersen, the alleged negligent tortfeasors. Therefore, the joint and several liability issue addressed by the court in *Tegman* does not present itself here. Accordingly, *Tegman* is not applicable.

The issue before the Court is controlled by *Welch v. Southland Corp.*, 134 Wash.2d 629, 952 P.2d 162 (1998). In *Welch*, the trial court held that the defendant was entitled to apportion liability to an assailant who shot and injured the plaintiff at one of the defendant's convenience stores. 134 Wash.2d at 163, 952 P.2d at 630. The Washington Supreme Court reversed, holding that because intentional acts are not included under the current statutory definition of fault, "a defendant is not entitled to apportion

ORDER GRANTING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT - 4

liability to an intentional tortfeasor." *Id.* Similarly, Defendants Royal School District and Principal Andersen may not apportion liability to Steven Diaz. On this basis, Plaintiffs' motion for partial summary judgment is granted. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Partial Summary Judgment (**Ct. Rec. 47**) is **GRANTED**.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this Order and furnish copies to counsel.

**DATED** this 3rd day of August, 2006.

                    *s/ Fred Van Sickle*
                      Fred Van Sickle
              United States District Judge